UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christy Ngo, | No. 2:23-cv-00364-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

Christy Ngo, the plaintiff, alleges she had checking and savings accounts with Bank of America, N.A., the defendant. *See* Am. Compl. ¶¶ 13–18, ECF No. 12. This lawsuit is about cash rewards she accumulated while she had these accounts. According to her complaint, her debit card stopped working more than a year ago, and when she asked the bank what was wrong, the bank told her it had frozen her accounts and would soon close them permanently. *See id.* ¶ 15. Ngo withdrew her money. *See id.* ¶¶ 17–18. Her cash rewards, however, were lost. *See id.* The bank seizes cash rewards when it closes an account involuntarily. *See id.* ¶ 18.

Ngo alleges the bank violated California's Unfair Competition Law by seizing her rewards. *See id.* ¶¶ 28–50. The bank moves to dismiss her complaint for failure to state a claim, and if the court does not dismiss the complaint, the bank asks the court to strike Ngo's request for damages. *See generally* Mot., ECF No. 15 (citing Fed. R. Civ. P. 12(b)(6) & (f)). The motion is fully briefed and the court submitted it after a hearing on October 13, 2023. *See generally* Opp'n,

ECF No. 19; Reply, ECF No. 20; Mins., ECF No. 22.  Ryan McBride appeared for Ngo, and Shawn Obi appeared for the bank.

The court applies the well-known legal standard for motions to dismiss under Rule 12(b)(6), which the parties have correctly identified in their briefs.  *See* Mot. at 2–3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); Opp'n at 2–3 (same).

As noted, Ngo pursues only the one claim, which rests on California's Unfair Competition Law.  That law prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Ngo alleges the bank's actions were unlawful and unfair, but she does not allege it acted fraudulently.  *See* Am. Compl. ¶¶ 33–50; Opp'n at 8.

First, to support her claim that the bank acted unlawfully, Ngo cites the California Civil Code, which permits a court to "refuse to enforce" an "unconscionable" contract.  *See* Am. Compl. ¶ 34 (citing Cal. Civ. Code § 1670.5(a)).  She alleges the Bank's policy to seize cash rewards unilaterally and without warning is unconscionable.  *See id.*  California courts permit plaintiffs to rely on section 1670.5 when they allege a defendant has acted unlawfully in violation of the state's Unfair Competition Law; that is, a plaintiff can support a claim of unlawful business practices by alleging and ultimately proving the defendant used an unconscionable contract.  *See Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal. App. 5th 1131, 1147–49 (2016); *see also Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 938 (N.D. Cal. 2011) (collecting authority).

Bank of America contends its contract is not unconscionable.  Mot. at 4–5.  It might later demonstrate that is so, but for now, the court must assume Ngo's allegations are true and draw reasonable inferences in her favor.  *See Iqbal*, 556 U.S. at 678–79.  Her allegations make out a plausible claim that the contract was a non-negotiable, take-it-or-leave-it, unfairly one-sided contract that did not warn her she could lose her cash rewards at the bank's whim without warning or recourse.  *See, e.g.*, *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1134 (2013); *Moran*, 3 Cal. App. 5th at 1148.  The terms of the "Program Rules" for the bank's cash rewards program could plausibly support Ngo's allegations as well.  As plaintiff's counsel noted at hearing, those rules refer to "forfeiture" of cash rewards but carve out a vague exception.  Mot.

Dismiss Ex. A at 4, ECF No. 15-1.[1]  For these reasons, Ngo's complaint states a claim for violation of the Unfair Competition Law's prohibition against unlawful business practices.

Ngo's next contention, that the bank acted "unfairly," is more difficult to judge, first because California courts have not consistently defined the word "unfair."  In some cases, state courts have limited the definition of "unfair" practices to those that threaten or harm competition specifically.  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 187 (1999).  In other cases, state courts have deemed practices "unfair" if their "harm to the alleged victim" outweighs their "utility."  *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999).  This court previously has predicted the California Supreme Court would permit consumer claims for "unfair" competition that fit only the broader definition.  *See, e.g.*, *Rice v. Kimberly-Clark Corp.*, No. 22-1519, 2022 WL 16804522, at *9 (E.D. Cal. Nov. 8, 2022); *see also, e.g.*, *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (en banc) ("If the state's highest appellate court has not decided the question presented, then we must predict how the state's highest court would decide the question.").  The court stands by that decision again now.

The allegations in Ngo's complaint describe practices that ultimately might prove to be "unfair" by the broader definition.  She lost her cash rewards; it is unclear how the bank's policy benefits other consumers or the competitive market for banking services; and at this early stage of the litigation, no evidence or allegation shows Ngo could have avoided the loss: she claims not to have known about the account closure until it was too late.  *See, e.g.*, *Regueiro v. FCA US, LLC*, ___ F. Supp. 3d ___, No. 22-05521, 2023 WL 3564761, at *8 (C.D. Cal. May 4, 2023) (citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006), and reasoning similarly in an alleged case of "unfair" practices against consumers).  It may well be Bank of America had good reasons to close Ngo's account and seize her cash rewards.  The bank implies as much in its motion.  *See* Mot. at 2.  But the court must draw reasonable inferences in Ngo's favor, not read

---

[1] The court may consider these terms without converting the motion to dismiss into a motion for summary judgment because the complaint refers to them expressly and because Ngo does not dispute their authenticity.  *See* Am. Compl. ¶¶ 18, 20; *see also, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (discussing incorporation by reference).

between the lines for reasons to reject her claims. *See Iqbal*, 556 U.S. at 678. Ngo's complaint states a claim under the Unfair Competition Law based on unfair business practices.

Bank of America is correct, however, that Ngo cannot recover damages for violations of the Unfair Competition Law. Actions under the Unfair Competition Law are "equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). For that reason, the court strikes Ngo's request for damages. Fed. R. Civ. P. 12(f).

The motion to dismiss is **denied**, but the motion to strike is **granted**. Ngo's prayer for actual and punitive damages is **stricken**. This order resolves ECF No. 15.

IT IS SO ORDERED.

DATED: January 8, 2024.

<u>　　　　　　　　　　　　　　　　　　　</u>
CHIEF UNITED STATES DISTRICT JUDGE